1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11  | MOSES P. MCGUIRE,                )  Case No.: 1:23-cv-00555-SKO (HC)
12  |                  Petitioner,     )  ORDER DIRECTING CLERK OF COURT TO
                                      )  ASSIGN DISTRICT JUDGE TO CASE
13  |          v.                     )
                                      )  FINDINGS AND RECOMMENDATION TO
14  |                                 )  DISMISS PETITION
15  | UNNAMED,                         )
                                      )  [THIRTY-DAY OBJECTION DEADLINE]
16  |                  Respondent.    )
17  |                                 )

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.  He filed the instant petition on March 27, 2023.  Upon conducting a

20   preliminary screening of the petition, the Court finds that Petitioner has failed to name a proper

21   respondent, failed to present any cognizable grounds for relief, and failed to exhaust state remedies.

22   Therefore, the Court will recommend that the petition be SUMMARILY DISMISSED.

23   **I.      PROCEDURAL HISTORY**

24          On July 23, 2021, Petitioner was convicted in the Madera County Superior Court of domestic

25   violence and a weapons charge. (Doc. 1 at 2.[1])  On August 20, 2021, he was sentenced to a total term

26   of 13 years and 4 months.  (Doc. 1 at 10.)  Petitioner indicates he did not file an appeal to the

27

28   _____

[1] References are to the docket using ECF pagination.

1

California Court of Appeal. (Doc. 1 at 2.)  He does states he has pursued collateral relief in the state courts; however, it appears the only filing was a habeas petition in the Madera County Superior Court. (Doc. 1 at 13-18.)

Petitioner filed the instant federal petition on March 27, 2023. (Doc. 1.)  He contends his sentence is disproportionately long when viewed with current sentencing practices.  (Doc. 1 at 10.)  He claims the sentencing court unfairly "doubled-up" portions of his sentence using a 22-year-old strike pursuant to Cal. Penal Code § 667.5.  (Doc. 1 at 10.)

## II.     DISCUSSION

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B.  Failure to Name a Respondent

Petitioner does not name a respondent.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

Normally, the Court would give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent. In this case, however, the petition also suffers from other deficiencies which are not amenable to amendment.

    C.  Failure to State a Cognizable Federal Claim

    The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

    Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

    It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

    Here, Petitioner does not claim he is in custody in violation of the constitution. He instead challenges the state court's application of state sentencing laws. He contends that because the prior strike conviction was remote in time, i.e., 22 years before sentencing, the state court should not have considered the prior conviction. He cites a number of state court cases in support of his position. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v.

Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question").  In particular, the question of whether a prior conviction qualifies as a basis for sentence enhancement under California law is not cognizable on federal habeas review.  See Miller v. Vasquez, 868 F.2d 1116, 1118-1119 (9th Cir.1989); see also Wilson v. Knowles, 2007 WL 2601383, at *3 (N.D.Cal. 2007) (claim that sentence enhancement based on California Penal Code § 1170.12 was in error is not cognizable on federal habeas review) (citing Miller, 868 F.2d at 1118-1119).

Petitioner's attempt to transform his claim into a violation of federal constitutional rights by general, conclusory references to the constitution and "fundamental rights" is unavailing.  Langford, 110 F.3d at 1389 (a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process").  As this Court is bound by the state court's determination that no sentencing error occurred, Petitioner fails to state a cognizable federal habeas claim.  The petition must be dismissed.

D.  Failure to Exhaust State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

The petitioner must also have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66.  In Duncan, the United States Supreme Court reiterated the rule as follows:

4

In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiatal v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996).

. . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner indicates he has only sought relief in the Madera County Superior Court.  Because Petitioner has not presented any claims for federal relief to the California Supreme Court, the Court must dismiss the petition.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).  The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982).

## III.   ORDER

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

/////

/////

5

## IV.    RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED with prejudice for failure to name a proper respondent, failure to state a claim, and failure to exhaust state remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 13, 2023**                     */s/ Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE