UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES P. MCGUIRE,<br><br>            Petitioner,<br><br>     v.<br><br>UNNAMED,<br><br>            Respondent. | No.  1:23-cv-00555-ADA-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 10) |

    Petitioner Moses P. McGuire is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On April 14, 2023, the Magistrate Judge issued findings and recommendations, recommending that the Court dismiss the petition due to a failure to name the proper respondent, failure to state a cognizable claim, and failure to exhaust state remedies.  (ECF No. 10.)  The findings and recommendations contained notice that Petitioner had thirty days within which to file objections.  (*Id.* at 6.)  Petitioner filed a duplicative motion to proceed in forma pauperis on April 24, 2023, (ECF No. 11), but did not file any objections.  The time to do so has now passed.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court also declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Upon denial of a petition, a court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Here, Petitioner has not made a substantial showing of the denial of a constitutional right that would justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's ruling debatable, wrong, or deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on April 14, 2023, (ECF No. 10), are adopted in full;
2. The petition for writ of habeas corpus, (ECF No. 1), is dismissed with prejudice;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   August 22, 2023

UNITED STATES DISTRICT JUDGE